IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL EDWARD JOHNSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>　　　　　Defendant. | 8:23CV216<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Defendant's, Union Pacific Railroad Co.'s ("Union Pacific's"), motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)[1], Filing No. 80, and Plaintiff's, Michael Edward Johnson's, motion for leave to amend pursuant to Fed. R. Civ. P. 15 and 16, Filing No. 88. Johnson brought this action for damages resulting from violations of the Americans with Disabilities Act, 42 U.S.C. § 12101. Filing No. 1. For the reasons stated herein, the Court denies Union Pacific's motion for judgment on the pleadings as to Johnson's "regarded as" claim and denies Johnson's motion for leave to amend.

I.　　BACKGROUND

Johnson was hired at Union Pacific in September 2002, and most recently worked as a Manager of Operating Practices in Oakland, California. Filing No. 1 at 7. As Manager of Operating Practices, Johnson was responsible for approximately forty-five locomotive engineers and was not required to hold a commercial driver's license for that position. Id. On May 4, 2016, Johnson suffered a ruptured cerebral aneurysm while off work, which required surgery. Id. at 8. Johnson received the surgery to stop the aneurysm on May

---
[1] Although docketed as a motion to dismiss for failure to state a claim, the substance of the motion reveals it is made pursuant to Rule 12(c) for judgment on the pleadings.

1

10, and within two months of that date, was fully recovered according to his doctors. *Id.* Johnson was released to go back to work on July 26, 2016. *Id.*

When Johnson returned to work, Union Pacific required that he go through a Fitness-for-Duty ("FFD") review. Filing No. 1 at 8. Union Pacific's medical rules apply to all of Union Pacific's employees and outline the FFD program. *Id.* at 3. These medical rules require certain employees to disclose "Reportable Health Events." *Id.* When a FFD review is required, the employee must cease work until the end of the evaluation, notify his/her supervisor that he/she is required to complete a FFD review, and notify Health and Medical Services that a FFD review must be completed by them. *Id.* at 4. The FFD reviewed employee is not directly examined by Health and Medical Services, but rather is required to submit medical information such as medical records to be reviewed by Health and Medical Services. *Id.*

Union Pacific then issues a FFD determination that the employee is fit for duty, fit for duty with restrictions, or unfit for duty. Filing No. 1 at 5. This determination is based on standardized protocols for employees with categories of health conditions or treatments. *Id.* Union Pacific routinely relied on the Federal Motor Carrier Safety Administration 2014 Medical Examiner's Handbook to determine which health conditions required work restrictions, which restrictions to impose, and the length of those restrictions. *Id.*

Johnson complied with the required FFD review and submitted his medical records to Health and Medical Services. Filing No. 1 at 8. Without any physical examination of Johnson, Union Pacific issued an FFD determination written by Union Pacific's Chief Medical Officer, Dr. John Holland, which concluded that Johnson was at permanent

increased risk of seizures. *Id.* Union Pacific imposed permanent sudden incapacitation work restrictions on Johnson. *Id.* These restrictions prohibited Johnson from performing his job duties. Consequently, Union Pacific removed him from service. *Id.* at 9. In issuing these restrictions, Union Pacific never spoke to Johnson's treating physician who had previously cleared him to return to work. *Id.* Johnson contends he was, and is still, able to perform the duties and responsibilities of a Manager of Operating Practices. *Id.*

On February 19, 2016, a group of Union Pacific employees filed a class-action lawsuit against Union Pacific in the United States District Court for the Western District of Washington, alleging disability discrimination in violation of the ADA. Filing No. 1 at 9. Johnson was a class member in that case. *Id.* The case was transferred to the United States District Court for the District of Nebraska, and the class was certified in February of 2019. On interlocutory appeal, the United States Court of Appeals for the Eighth Circuit decertified the class on March 24, 2020. *Id., see Harris v. Union Pac. R.R. Co.*, 953 F.3d 1030 (8th Cir. 2020). Shortly after the order reversing certification, Union Pacific and Johnson entered into a tolling agreement which extended the statute of limitations on his claims by sixty days, and Johnson timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Filing No. 1 at 10. The EEOC issued a right-to-sue letter, and Johnson timely filed his complaint, alleging violations of the American with Disabilities Act ("ADA") under 42 U.S.C. § 12112(a) and under 42 U.S.C. § 12112(b)(6), both for disparate treatment.[2] *Id.* at 11–12.

---

[2] Union Pacific argues Johnson has failed to plead he had either an actual or record of a disability under 42 U.S.C. § 12112(a), and that he has not pleaded facts sufficient to support an unlawful-screening disparate treatment claim under 42 U.S.C. § 12112(b)(6). In response, Johnson elects to proceed only on his regarded as disability claim under 42 U.S.C. § 12112(a). Filing No. 85 at 4. Accordingly, the Court grants Union Pacific's motion with respect to those claims and need not further address its arguments.

3

Union Pacific now moves this Court for judgment on the pleadings under Fed. R. Civ. P. 12(c), Filing No. 80, and in response, Johnson moves for leave to amend the complaint under Rules 15 and 16, Filing No. 88.

## II.   STANDARD OF REVIEW

### A.  Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c)

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is reviewed using the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Meyer Nat. Foods, LLC v. Liberty Mut. Fire Ins. Co.*, 218 F. Supp. 3d 1034, 1036 (D. Neb. 2016) (citing *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010)). Judgment on the pleadings is appropriate only when there is no dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The Court must view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in the nonmoving party's favor. *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). The factual allegations need not be specific, but just sufficient to give fair notice of the claim and the grounds the claim rests upon. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain more than mere conclusions or a recitation of the elements of the claim. *Id.*

## III.   DISCUSSION

### A. Motion for Judgment on the Pleadings

Union Pacific moves for judgment on the pleadings on Johnson's claim for disability discrimination based on Union Pacific regarding him as having a disability. Filing No. 81 at 1. Johnson has plausibly pleaded a regarded as claim under the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).  Johnson has alleged that after his aneurysm and surgery, Union Pacific requested all his medical records as part of a Fitness for Duty ("FFD") evaluation.  Filing No. 1 at 8.  Upon review, Union Pacific believed that Johnson was at a permanent increased risk for seizures and imposed sudden-incapacitation work restrictions as a result.  Id.  Further, the complaint alleges that Union Pacific disregarded the medical clearance from Johnson's treating neurologist and imposed the restrictions despite Johnson being medically cleared to return to work, and that these restrictions caused Johnson to be unable to return to his work.  Id. at 9.

The ADA forbids an employer to discriminate against its employees because of a disability.  Canning v. Creighton Univ., 995 F.3d 603, 614 (8th Cir. 2021) (citing 42 U.S.C. § 12112(a)).  To establish a claim under the ADA, a plaintiff must show that: (1) he is "disabled" within the statutory definitions, (2) he is "qualified" to perform the essential functions of the job, and (3) he suffered an adverse employment action under circumstances from which an inference of unlawful discrimination can be drawn.  Olsen v. Cap. Region Med. Ctr., 713 F.3d 1149, 1153–54 (8th Cir. 2013).  An individual is considered "disabled" if the person: (a) has a physical or mental impairment that substantially limits one or more major life activities, (b) has a record of such an impairment, and (c) has been regarded as having such an impairment.  42 U.S.C. § 12102(1).  An employee is "regarded as" disabled if his employer has subjected the individual to an action that is prohibited under the ADA because of an actual or perceived physical or mental impairment, whether the impairment limits a major life activity or not.  Canning, 995 F.3d at 614–15 (citing 42 U.S.C. § 12102(3)(A)).  Physical or mental

impairments include "any physiological disorder or condition . . . affecting one or more body systems, such as [the] neurological." 29 C.F.R. § 1630.2(h)(1).

Here, Union Pacific argues that Johnson's "regarded as" claim fails because it alleges Union Pacific acted based on a risk of future seizures, not a current impairment. Filing No. 81 at 9. It argues a regarded as claim "is intended to combat the effects of archaic attitudes, erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities," and that this intent remains despite the ADA amendments in 2008. Id. at 8 (quoting Pittari v. Am. Eagle Airlines, Inc., 468 F.3d 1056, 1063 (8th Cir. 2006)). Union Pacific further cites case law that if a restriction is based on the recommendations of physicians, then it is not based on myths or stereotypes and would not establish an employer's perception of a disability as required by a regarded as claim. Id. (quoting Kozisek v. Cnty. of Seward, Nebraska, 539 F.3d 930, 935 (8th Cir. 2008)).

Union Pacific's arguments have been rejected by the Eighth Circuit Court of Appeals in Sanders. Sanders v. Union Pac. R.R. Co., 108 F.4th 1055 (8th Cir. 2024). As the Eighth Circuit explained, the ADA Amendments Act of 2008 created a rule of construction that "the definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter to the maximum extent permitted by the terms of this chapter." Id. at 1061 (quoting 42 U.S.C. § 12102(4)(A)). A physician's opinion alone does not insulate an employer from a regarded as claim. Id. In that case, Sanders sued alleging violations of the ADA because Union Pacific imposed work limitations based on perceptions about his cardiovascular health. Id. at 1059. The Appellate Court held that a reasonable jury could find that Union Pacific regarded Sanders

6

as disabled, and reasoned that the ADA Amendments Act provides no basis to limit a 'regarded as' claim which would require the discrimination be based on "archaic attitudes, erroneous perceptions, and myths." *Id.* at 1059, 1061 (citing generally 29 C.F.R. § 1630.2(l)).

Here, like *Sanders*, the fact that Union Pacific relied on the recommendation of a physician does not insulate it from liability based on a regarded as claim. Dr. Holland writing the FFD determination does not eliminate the possibility that Union Pacific issued the restrictions because of a perceived disability.

Union Pacific further claims that Johnson fails to allege that Union Pacific issued the work restrictions based on a perceived current physical impairment as opposed to a risk of future harm. Filing No. 81 at 9. Relying on *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104 (8th Cir. 2016), Union Pacific states that a regarded as claim does not extend to concerns that there is an unacceptable risk that an employee may develop a future impairment. *Id.* While this statement of law is accurate, it is inapplicable to the case at hand. Johnson's complaint supports a reasonable inference that Union Pacific believed he had an impairment at the time of its decision to impose work restrictions. It outlines that after suffering an aneurysm, Union Pacific requested all his medical records, reviewed those medical records, and issued permanent work restrictions because it believed Johnson had a permanently increased risk of seizures. In other words, Union Pacific issued the restrictions because of a then-existing disability (i.e. the aneurism) that causes a permanent increased risk of seizures.

This is in contrast to *Morriss* in which the Eighth Circuit found BNSF did not discriminate when it terminated an obese employee based on the safety risks his obesity

7

potentially posed. *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1113 (8th Cir. 2016). In so finding, the Court ruled that obesity is a physical characteristic, like height or muscle tone, and not a physical impairment unless the obesity is the result of a physiological disorder. *Id.* at 1108–09. The Court determined that while the ADA does prohibit discrimination based on a perceived physical impairment, it does not prohibit discrimination based on a perceived physical characteristic that creates an increased risk of a future adverse event. *Id.* at 1113. By contrast, a permanently increased risk of seizures is not a mere characteristic that predisposes Johnson to an adverse event; it is itself a current physical impairment. *See Equal Emp. Opportunity Comm'n v. UPS Ground Freight, Inc.*, 443 F. Supp. 3d 1270, 1283 (D. Kan. 2020) ("But Diebold's stroke is not a characteristic that predisposes him to illness, such as height or weight. Diebold's stroke is a physical condition that increased his risk for subsequent strokes."). Viewing all allegations in the complaint in the nonmoving party's favor, and drawing all reasonable inferences in their favor, Johnson has adequately pled that Union Pacific issued permanent work restrictions because it perceived him as being disabled.

### B. Motion to Amend

Johnson sought leave to amend to rectify the purported pleading errors Union Pacific identified in moving for judgment on the pleadings. Filing No. 89 at 1. Because the Court denies Union Pacific's motion for judgment on the pleadings on the sole claim Johnson wishes to pursue, Johnson's motion for leave to amend is denied as moot.

### IV. CONCLUSION

The Court finds that the language as pled in Johnson's complaint is sufficient to meet the requirements of Fed. R. Civ. P. 12(c). For the previously stated reasons, the

motion for judgment on the pleadings as to the "regarded as" claim is denied, and thus, the motion for leave to amend is denied as moot.

**THEREFORE, IT IS ORDERED:**

1. Defendant's motion for judgment on the pleadings, Filing No. 80, is granted as to Plaintiff's actual and record-of disability claims and his unlawful-screening claim, and is denied as to his regarded as claim.

2. Plaintiff's motion for leave to amend, Filing No. 88, is denied.

Dated this 14th day of February, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge