IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL EDWARD JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | 8:23CV216<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the parties' respective motions in limine. Filing No. 104 (Plaintiff's motion in limine); Filing No. 105 (Defendant's motion in limine). The motions are granted in part and denied in part as set forth herein.

I.   **BACKGROUND**

Plaintiff, Michael Edward Johnson, brings suit against his former employer, Defendant, Union Pacific Railroad Co., alleging it discriminated against him based on a perceived disability. Union Pacific asserts the defense of direct threat. The case is set for trial on May 5, 2025.

Johnson worked for UP as a manager of operating practices. Filing No. 128 at 2. In May 2016, Johnson was diagnosed with a ruptured cerebral aneurysm that required surgery. Johnson had surgery to stop the aneurysm on May 10, 2016. Subsequently, Union Pacific initiated a fitness-for-duty review and requested Johnson's medical records. On July 26, 2016, Union Pacific placed the following work restrictions on Johnson: (1) Not to operate company vehicles/on-track or mobile equipment/fork-lifts; (2) Not to work on or near moving trains, freight cars, or locomotives; (3) Not to operate cranes, hoists, or machinery; (4) Not to work at unprotected heights, over 4 feet above the work surface;

1

(5) Must not work on 1-man or 2-man gangs; and (6) Not to perform work where decisions or actions can affect the safety of others. Johnson was unable to return to his position.

## II. ANALYSIS

### A. Standard of Review

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.*

Courts are guided by Federal Rules of Evidence 401 and 403 in resolving these motions. A court must evaluate whether the proposed evidence is relevant in that it has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, a court may preclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. Plaintiff's Motion in Limine to Bifurcate the Issue of the Amount of Punitive Damages

Johnson first seeks to bifurcate the trial, presenting liability and compensatory damages in the first phase, and punitive damages after the jury makes a decision on liability and compensatory damages.  Union Pacific argues Johnson cannot establish entitlement to punitive damages.

Federal Rule of Civil Procedure 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues."  Bifurcation under Rule 42(b) is left to the discretion of the trial court.  *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000).  Courts often bifurcate punitive damages from liability and compensatory damages because the punitive damages inquiry relies on different evidence that may unfairly prejudice the defendant or confuse the jury.  S*ee e.g., Jones v. Cargill, Inc.*, 490 F. Supp. 2d 978, 988 (N.D. Iowa 2007); 8 Moore's Federal Practice–Civil § 42.24[1] (collecting cases).

The Court agrees it is appropriate to bifurcate punitive damages here.  To award punitive damages, the jury would be permitted to consider evidence such as Union Pacific's financial condition that may improperly prejudice the jury's determination of liability.

Union Pacific's argument that Johnson cannot show malice or recklessness such as would entitle to him punitive damages is premature and better addressed at trial. Accordingly, Johnson' request to bifurcate punitive damages from the rest of the trial is granted.

**C. Plaintiff's Motion in Limine to Exclude Untimely, Irrelevant, and Prejudicial Exhibits and Testimony**

Johnson seeks to prohibit Union Pacific from introducing three categories of evidence: 1) FRA medical rules and UP's medical standard for safety critical workers with seizures guideline; 2) guidance documents from the FMCSA; and 3) accident reports. The Court addresses these three categories of evidence in turn.

1. *FRA and UP Medical Standards*

Johnson seeks to exclude an exhibit of the Federal Railroad Administration medical rules and the internal Union Pacific medical standards. Johnson argues Union Pacific failed to disclose them during discovery, they lack foundation, are irrelevant, are hearsay, and are confusing and prejudicial.

Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, any purported nondisclosure was harmless; Johnson knew of these documents from the *Harris* class action and even provided them to his expert, Dr. Trangle. Accordingly, the Court will not exclude the documents on the basis of a lack of disclosure.

Johnson argues the documents are irrelevant, will confuse the jury, and are highly prejudicial because there is no evidence that either exhibit played a role in the determination in Johnson's case. The Court will reserve ruling on a relevancy and 403 objection until hearing the evidence and testimony at trial.

The parties do not address the alleged lack of foundation or hearsay of these two proposed exhibits. Accordingly, the Court will not exclude the documents and this time and will reserve ruling on any such objections until the time of trial.

*2. FMCSA Documents*

Next, Johnson seeks to exclude several documents from the Federal Motor Carrier Safety Administration. He argues each lacks proper foundation, contains undisclosed expert opinions, is irrelevant, contains hearsay, and is confusing, a waste of time, and prejudicial.

The Court struggles to see how the FMCSA standards are prejudicial, contain undisclosed expert opinions, or are irrelevant. Johnson himself references Union Pacific's supposed use of the FMCSA handbook in his complaint. *See* Filing No. 1 at 5. Johnson's own expert also cites the FMCSA documents in his expert report. Accordingly, the exhibits are not unduly prejudicial to Johnson and are highly relevant to this case.

As with the FRA and UP medical standards exhibits, the parties do not elaborate on the foundational or hearsay objections and the Court will accordingly defer ruling on them until the time of trial.

*3. Accident Reports*

Lastly, Johnson seeks to exclude two accident reports for incidents not involving Johnson arguing they are irrelevant and prejudicial. Union Pacific states it does not intend to offer the exhibits and wishes only to reserve the right to use them in rebuttal. Johnson agrees with this approach, so the Court accordingly defers ruling on the admissibility of these exhibits unless and until Union Pacific offers them in rebuttal at trial.

**D. Plaintiff's Motion in Limine to Exclude Evidence or Testimony of Johnson's Application for and Receipt of Railroad Retirement Board Benefits**

Johnson argues the Court should prohibit Union Pacific from introducing evidence or testimony regarding his application for and receipt of RRB benefits because it is

irrelevant, unfairly prejudicial, confusing to the jury, and Union Pacific cannot lay foundation to explain how RRB benefits work based on their witness list. Filing No. 109 at 9. Union Pacific agrees that it will not use evidence of receipt of RRB benefits to argue for an offset of Johnson's damages (which it acknowledges is an improper use under the law), but rather to show Johnson cannot establish he was a "qualified individual" under the ADA for the entire period for which he seeks ADA damages because he could not perform the essential functions of the job. Filing No. 116 at 6–7.

A qualified individual is one who is able to perform, with or without accommodation, "the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Union Pacific cites to *Pickens v. Soo Line R.R. Co.*, 264 F.3d 773, 778 (8th Cir. 2001), in support of its argument that receipt of RRB benefits can be relevant to whether an individual was "qualified" under the ADA. But in that case, on his application for RRB benefits, Pickens "asserted under penalty of perjury that . . . he was completely unable to work in the railroad industry because of his disability," thereby directly calling into question his status as "qualified" under the ADA. *Id.* (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999)). Likewise, the Supreme Court case *Pickens* relied on stated the proposition as follows: "An ADA plaintiff's sworn assertion in an application for disability benefits *that she is unable to work* appears to negate the essential element of her ADA claim that she can perform the essential functions of her job." *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 796 (1999) (emphasis added).

Union Pacific points to no specific statements or representations in the forty-three-page exhibit containing Johnson's applications for RRB benefits which would contradict his claim he is a qualified individual under the ADA. Rather, the document seems to

support Johnson's contention that he was, in fact, able to perform his job. For example, Johnson states that his reason for no longer working is "Company Holding me out," Filing No. 111-1 at 15, and he avers he is "physically able to work in [his] regular job," Filing No. 111-1 at 18. It is not the mere fact that Johnson applied for benefits while held out of service that makes his application potentially relevant to his ADA claim; only statements which belie his contention of being a qualified individual are admissible. Union Pacific has failed to show the proposed exhibits contains any such statements and the Court was unable to locate any on its own review. Accordingly, Johnson's request to exclude proposed Exhibit 244 is granted. To the extent Union Pacific feels the Court has misapprehended its vague argument in this regard, it may raise the issue again at the pretrial hearing or request a sidebar during trial to further elaborate and clarify why it thinks the evidence is admissible, including pointing to the specific statements it feels are relevant to Johnson's ADA claim.

### E. Defendant's Motion in Limine to Prohibit Suggestions that Union Pacific Was Required to Conduct an In-Person Medical Examination

Union Pacific asks the Court to prohibit Johnson from stating or implying that Union Pacific was required to conduct an in-person medical exam in assessing Johnson's fitness for duty. Filing No. 106 at 3–4.

The ADA prohibits an employer from requiring a medical examination or inquiring into the disability status of an employee "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). However, "[a] covered entity may make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B); *accord Thomas v. Corwin*, 483 F.3d

516, 527 (8th Cir. 2007) ("[C]ourts will readily find a business necessity if an employer can demonstrate . . . a medical examination or inquiry is necessary to determine . . . whether the employee can perform job-related duties when the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties . . . ." (quoting *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 98 (2d Cir. 2003))). A fitness-for-duty evaluation falls into this category.

Similarly, the ADA permits employers to "include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace." See 42 U.S.C. § 12113(b). "Direct threat" means "a significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation." 29 C.F.R. § 1630.2(r). A determination that an individual poses a direct threat requires an "individualized assessment of the individual's present ability to safely perform the essential functions of the job" and this assessment must also "be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence." *Id.*

While Union Pacific is correct that an in-person exam is not mandatory, whether or not Union Pacific physicians personally examined Johnson may be relevant to whether the fitness-for-duty process was sufficiently "individualized," *see* 29 C.F.R. § 1630.2(r), and thus, the Court will not prohibit Johnson from referencing the lack of an in-person evaluation as a factor in this inquiry. Johnson agrees he will not state or imply that Union Pacific was required to conduct an in-person exam. Accordingly, Union Pacific's motion is granted to the extent Johnson cannot state or imply Union Pacific was required to conduct an in-person medical exam but denied as to prohibiting Johnson from otherwise

8

referencing the lack of an in-person exam as a factor to consider in assessing whether the fitness-for-duty process was adequately individualized.

### F. Defendant's Motion in Limine to Prohibit Evidence of Other ADA Suits Against Union Pacific and Undisclosed Expert Opinions

Union Pacific seeks to exclude evidence of other ADA lawsuits against it, arguing it is not relevant or is likely to confuse and mislead the jury. Union Pacific also seeks to prevent Dr. Trangle from testifying beyond the scope of his disclosed expert opinion that he is familiar with Union Pacific's intent/motive/state of mind based on his involvement in past cases. Johnson argues that evidence of Union Pacific's alleged past discrimination is relevant.

Union Pacific is correct that the mere fact other plaintiffs have filed ADA lawsuits is inadmissible. *See, e.g.*, *Argenyi v. Creighton Univ.*, No. 8:09CV341, 2013 WL 4434424, at *6 (D. Neb. Aug. 14, 2013) ("Testimony or other evidence regarding other lawsuits or complaints against a defendant is generally irrelevant; and, if relevant, is likely to confuse or mislead the jury or create undue prejudice."). However, Johnson is correct that evidence of Union Pacific's past actions may be relevant to proving motive or intent under Federal Rule of Evidence 404(b). *See, e.g.*, *Hawkins v. Hennepin Tech. Ctr.*, 900 F.2d 153, 155 (8th Cir. 1990). Union Pacific claims that any evidence would come in the form of an undisclosed expert opinion from Dr. Trangle or other testimony lacking foundation, but without specific testimony before the Court at this time, any such claim is speculative. Because there is no specific evidence before the Court at this time, the Court will reserve ruling on any potential evidence until trial and will apply the law as set forth above,

9

including requiring that any testimony have been properly disclosed and supported by adequate foundation as required by the evidentiary and civil procedure rules.

### G. Defendant's Motion in Limine to Limit Discussion of Pretrial Matters

Union Pacific seeks an order in limine preventing any reference or comment regarding any pretrial motions, including, but not limited to, discovery motions, motions for summary judgment, and motions in limine, and any reference to the now-decertified class action case, *Harris v. Union Pacific*, 16cv381. Johnson agrees regarding the pretrial motions and orders but maintains that the existence of the *Harris* class action and Johnson's inclusion in the certified class may be relevant to his case.

The Court cannot assess the relevance or admissibility of reference to the *Harris* class action on a speculative basis. However, as set forth above, evidence of other fitness for duty evaluation including the same set of medical policies, the same decision-makers, and similar impacts on other individuals with disabilities that shows a pattern or practice of activity may be relevant to establish motive, intent and knowledge may be admissible under Federal Rule of Evidence 404(b), provided it otherwise complies with the rules of evidence. Accordingly, the Court will grant the motion as to pretrial motions and orders in this case but deny it as to the *Harris* class action. However, Union Pacific can re-raise its objection at trial if it believes Johnson's use of the *Harris* class action goes beyond the permissible scope set forth in this order.

IT IS ORDERED:

1. Plaintiff's Motion in Limine, Filing No. 104, is granted in part and denied in part as stated herein.

2. Defendant's Motion in Limine, Filing No. 105, is granted in part and denied in part as stated herein.

Dated this 30th day of April, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
